983 F.2d 1077
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eduardo BENJUMEA, Defendant-Appellant.
 No. 89-50341.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.*
Decided Dec. 29, 1992.
 
 Before TANG, NOONAN, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eduardo Benjumea appeals from his sentence under the United States Sentencing Guidelines following entry of a guilty plea to conspiracy to distribute heroin in violation of 21 U.S.C. § 846. Benjumea contends that the district court erroneously believed it lacked authority to depart downward from his guideline range based on his age, health and the forfeiture of his home and car. We have jurisdiction under 28 U.S.C. § 1291 and we dismiss.
 
 
 3
 A district court's discretionary refusal to depart downward from the sentencing Guidelines is not subject to review on appeal. United States v. Koenig, 952 F.2d 267, 273 (9th Cir.1991); United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992). We review de novo a district court's finding that it lacks discretion to depart, if it indicates that otherwise it would do so. Belden, 957 F.2d at 676.
 
 
 4
 A district court has discretion to depart from the applicable guideline range if it finds an aggravating or mitigating factor either not considered by the Sentencing Guidelines or not adequately considered by them in light of unusual circumstances in a particular case. U.S.S.G. § 5K2.0; see United States v. Boshell, 952 F.2d 1101, 1107 (9th Cir.1991) (factors already taken into account by the Sentencing Guidelines may support a departure only in "extraordinary circumstances"). We lack jurisdiction to review such a refusal to depart downward where the record does not indicate that the district court based its decision upon a mistaken belief that it lacked the authority to depart. See United States v. Shrewsberry, No. 91-10493, slip op. at 14102 (9th Cir. Dec. 7, 1992) (no jurisdiction where district judge stated that defendant's family circumstances were "not sufficiently unusual to justify departure"); Belden, 957 F.2d at 676 (no jurisdiction where district judge stated he was "not inclined to depart" despite harshness of sentence and sympathy for defendant); Koenig, 952 F.2d at 273-74 (no jurisdiction where district judge said that departure did not "have a basis" in light of her assessment of the facts and the defendant's culpability). A sentence imposed above the minimum sentence under the guideline range is indicative of a discretionary decision not to depart downward. See United States v. Sanchez, 914 F.2d 1355, 1363 (9th Cir.1990), cert. denied, 111 S.Ct. 1626 (1991).
 
 
 5
 Here, Benjumea contends that the district court erred by not exercising its discretion to depart downward based on his age, health, and the forfeiture of his home and car because it mistakenly believed it did not have the power to do so. In support of this contention, he points to the following statement of the district court in reaching its decision at the sentencing hearing: "The Court does not believe that it has this--that it is appropriate to, within the law, to reduce the matter to any lesser level, lower level." The district court, however, immediately elaborated upon the meaning of its conclusion that departure was not "appropriate" under the Sentencing Guidelines by acknowledging Benjumea's hardships, but stressing the harm done to others and society by drug trafficking. Further, although the district judge expressed regret that the Sentencing Guidelines no longer permitted free rein in sentencing, his comments clearly indicate his understanding that he had the authority to depart downward for factors not adequately taken into consideration by the Sentencing Guidelines and his view that the factors raised by Benjumea were not unusual enough to warrant such a downward departure.[1] See U.S.S.G. § 5K2.0; Shrewsberry, No. 91-10493, slip op. at 14102; Boshell, 952 F.2d at 1107. Finally, Benjumea's 84-month sentence, at the mid-point of a guideline range of 78-97 months, indicates that the district court was not inclined to depart downward. See Sanchez, 914 F.2d at 1363. Accordingly, we lack jurisdiction to review the district court's discretionary refusal to depart. See Shrewsberry, No. 91-10493, slip op. at 14102; Belden, 957 F.2d at 676; Koenig, 952 F.2d at 271.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This view is consistent with the Sentencing Guidelines' policy to downplay the relevance of certain factors in sentencing. See Shrewsberry, No. 91-10493, slip op. at 14102. Under the Guidelines, a district court may not ordinarily take into account a defendant's age, U.S.S.G. § 5H1.1, or physical condition, id. § 5H1.4, and may not consider his socio-economic status, id. § 5H1.10. The Sentencing Guidelines also provide that, in determining the ability of a defendant to pay a fine, the district court shall consider any "collateral consequences of conviction, including civil obligations arising from the defendant's conduct...." U.S.S.G. § 5E1.2(d)(5). Benjumea was not assessed a fine in part because his home was in civil forfeiture proceedings due to its use for drug trafficking